Allan Alexander **WATSON**, et al., (84–3366), and **Vicki Elizabeth Crallan**, et al., (84–3495), and **Andrew James Skinner**, et al. (84–3796), **Plaintiffs-Appellants,**

v.

**MERRELL DOW PHARMACEUTICALS, INC.**, et al., **Defendants-Appellees.**

**Nos. 84–3366, 84–3495 and 84–3796.**

United States Court of Appeals, Sixth Circuit.

Argued March 29, 1985.

Decided July 31, 1985.

George A. Kokus, argued, Cohen & Kokus, Felicia Smith, argued, Miami, Fla., Stanley A. Chesley, Waite, Schneider, Bayless & Chesley, Co., L.P.A., Jerome L. Skinner, argued, Cincinnati, Ohio, Thomas H. Bleakley, Thomas H. Bleakley, P.C., Detroit, Mich., Allen T. Eaton, Washington, D.C., for Allan Alexander Watson.

John J. Carlino, New York City, Jerome L. Skinner, argued, Waite, Schneider, Bayless & Chesley Co., Cincinnati, Ohio, for Vicki Elizabeth Crallan.

Frank Woodside, argued, Dinsmore & Sholhl, Christine L. McBroom, Cincinnati, Ohio, Peter N. Perretti, Jr., argued, Riker, Danzig, Scherer & Hyland, Morristown, N.J., for Merrell Dow Pharmaceuticals, Inc.

John J. Carlino, Andrew J. Skinner, New York City, for Andrew James Skinner.

Before JONES and KRUPANSKY, Circuit Judges, and HULL, District Judge.[*]

KRUPANSKY, Circuit Judge.

These consolidated appeals arise from an order dismissing three product liability actions on the theory of *forum non conveniens*. The appellants are infants and their guardians and are all residents of England or Scotland. The defendants are Merrell Dow, an American pharmaceutical corporation with its principal place of business in Cincinnati, Ohio, and two Ohio resi-

---

[*] Hon. Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennes- see, sitting by designation.

dents, Carl Bunde and Dorsey Holtkamp, who were employees or agents of Merrell Dow in Cincinnati. Bunde was the company's medical director and Holtkamp supervised the testing of the pharmaceuticals marketed by Merrell Dow under the trade name of Bendectin and Debendox.

The drug Debendox was marketed in the United Kingdom for treatment of nausea and vomiting during pregnancy. The complaints alleged that Debendox caused birth defects in the infant plaintiffs. Liability of the individual defendants was predicated on charges that they concealed reports of adverse reactions to the drug, and also fraudulently and negligently misrepresented and promoted Debendox as safe for consumption during the early stages of pregnancy.

In dismissing the complaints under the doctrine of *forum non conveniens*, the district court relied upon *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608 (6th Cir. 1984). The *Dowling* case involved the same relevant allegations as the instant action and stemmed from the same multidistrict litigation. The distinguishing factor between Dowling and the cases at bar is the joinder in the latter case of Bunde and Holtkamp as individual defendants. The district court found this distinction irrelevant. Appellants now contend that the court below abused its discretion by failing to recognize the inclusion of the individual defendants as mandating a result different than that reached in *Dowling*.

■■ Guidelines for the proper application of the doctrine of *forum non conveniens* were established in *Dowling* through the distillation of a trilogy of Supreme Court opinions: *In Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The *Dowling* court decided that "the defendant seeking a *forum non conveniens* dismissal must identify an alternative forum." *Dowling*, 727

F.2d at 612. Once this prerequisite is satisfied, the trial court is then free to consider both public and private interest factors presented by the particular circumstances of the case, and to determine whether dismissal is warranted. If the trial court has utilized this balancing procedure, its decision must be upheld absent a clear abuse of discretion. *Dowling*, 727 F.2d 616.

■ In the case at bar, defendant Merrell Dow has clearly met its threshold burden for entitlement to a *forum non conveniens* dismissal by consenting to United Kingdom jurisdiction. In fact, the court below adopted the exact procedures approved in *Dowling* by dismissing the actions subject to the following conditions:

(1) Defendant Merrell-Dow must consent to suit and acceptance of process in the United Kingdom in any civil actions filed by plaintiffs on their claims;

(2) Defendant Merrell-Dow must agree to make available any documents or witnesses within its control that are necessary for fair adjudication of any action brought in the United Kingdom by the plaintiffs on their claims;

(3) Defendant Merrell-Dow must consent to pay judgment or judgments which may be rendered against it in the United Kingdom in any civil action brought by plaintiffs on their claims;

(4) Defendant Merrell-Dow must agree to waive any statute of limitations defense that did not exist prior to the institution of any of these actions; and

(5) If the Courts of the United Kingdom should find that the infant plaintiffs have no cause of action for prenatal injuries, upon final dismissal of their claims on this ground by a court of the United Kingdom, any of these plaintiffs so dismissed shall have the right to reinstate his or her action in Southern District of Ohio.

■ As to the individual defendants, the district court acknowledged "disagreement among the parties as to whether jurisdic-

tion may be exercised over ... [Bunde and Holtkamp] in the United Kingdom," but opined:

> Merrell-Dow is clearly, as defendants suggest, the "primary defendant" in these cases.
>
> Under these circumstances, the uncertainty regarding personal jurisdiction over the individual defendants in the United Kingdom is insufficient to tip the scales in plaintiffs' favor in the weighing if interest factors which this Court must undertake. (citations omitted).
>
> The absence of the individual defendants, should such absence result, would not deprive plaintiffs of a meaningful opportunity to pursue their claims in the United Kingdom.

This court is reluctant to adopt the above analysis to support dismissal of these actions in their entirety pursuant to the *forum non conveniens* doctrine, as it essentially abolishes the critical requirement of the threshold showing, as mandated by the Supreme Court and articulated in *Dowling,* that the individual defendants be subject to jurisdiction in an alternative forum *prior* to the trial court's undertaking of a balance of interests. *See, e.g., Calavo Growers of California v. Generali Belgium,* 632 F.2d 963, 968 (2d Cir.1980) (observing that *forum non conveniens* dismissal should have been conditioned on the agreement of *all* defendants consenting to service in the alternative jurisdiction); 15 *Federal Practices & Procedure,* Wright, Miller & Cooper, § 3828 at 179 (dismissal predicated on *forum non conveniens* requires availability of alternative forum possessing jurisdiction as to *all* parties). Stated differently, the decision of the court below represents an impermissible intermingling of the threshold criteria with the subsequent balancing test.

In addition, the district court appears to have acted beyond its authority in characterizing Merrell Dow as the "primary defendant", and consequently dismissing the litigation against the other named defendants due to their "lesser" status in the case. If in fact plaintiffs' claims of negli-

gence and misrepresentation against Bunde and Holtkamp do not have a valid legal foundation, then plaintiffs' causes of action against said defendants are proper subjects for dismissal pursuant to summary judgment or directed verdict. However, these defendants cannot be dismissed from the instant litigation simply because the trial judge *sua sponte* determined that they are not as important as the "primary" defendant.

In view of the foregoing, the trial court's dismissal of defendant Merrell Dow on *forum non conveniens* grounds is affirmed, however, the trial court's decision to dismiss the individual defendants Bunde and Holtkamp is vacated and the case is remanded. If the individual defendants do not consent to conditional terms of dismissal similar to those accepted by Merrell Dow, then the case against Bunde and Holtkamp should proceed to trial on the merits in the district court.