[Nos. A073072, A073074. First Dist., Div. Two. Nov. 13, 1996.]

LOREN HANSEN, Plaintiff and Appellant, v.
OWENS-CORNING FIBERGLAS CORPORATION, Defendant and
Respondent.

LOREN HANSEN et al., Plaintiffs and Appellants, v.
OWENS-CORNING FIBERGLAS CORPORATION, Defendant and
Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Francine S. Curtis, James L. Oberman and Brayton Harley Curtis for Plaintiffs and Appellants.

Tilly & Graves, Frank D. Pond and James R. Colgan for Defendant and Respondent.

---

## OPINION

**LAMBDEN, J.**—These consolidated appeals arise out of claims of personal injury and wrongful death allegedly caused from exposure to asbestos. In one action, John Hansen filed suit in California against Owens-Corning Fiberglas Corporation (OC) and 199 other named defendants, alleging personal injury from his own exposure to asbestos. In another, he and his children filed a wrongful death and survival suit in California, against the same defendants, on behalf of his deceased wife, Mary, alleging her injury and death resulting from secondhand exposure to asbestos.

Hansen appeals orders granting OC's motions to dismiss or stay, for forum non conveniens, and denying his motions for reconsideration and relief. We will affirm them.

### BACKGROUND

In September 1995, Hansen filed an amended complaint in his first action (No. 971863) alleging personal injury as a result of exposure to asbestos and asbestos-containing products. He claimed he had been exposed to asbestos while working as a laborer for Boeing in Seattle, Washington from 1939 to 1940; as a boilermaker's helper in Great Falls, Montana from 1940 to 1942; while serving in the military in South Carolina, Illinois and Louisiana from 1942 to 1945; as a plumber's helper in Havre, Montana from 1946 to 1949; and as the owner of his own sheet metal company in Havre, Montana from 1949 to 1996. He further alleged, as a result of his exposure to asbestos, he had been diagnosed with mesothelioma, a cancer often caused by asbestos exposure.

Also in September 1995, Hansen and his children brought the second action (No. 972524), seeking damages for the wrongful death of his wife Mary. This complaint alleged Mary died from lung cancer as a result of secondary exposure from asbestos carried home on her husband's clothing.

On October 16, OC brought motions to dismiss or stay the actions for forum non conveniens. The court granted the motions in November 1995, staying the actions and directing Hansen to file both actions in Montana. Under the orders, if after filing the actions in Montana he could conclusively show Montana was not a suitable alternative jurisdiction for bringing the

actions, he could return to the California court and request the stays be lifted. John Hansen died in April 1996 from mesothelioma, and his son Loren Hansen succeeded to his interests in the lawsuit.

Most of the interactions between the parties and other relevant contacts occurred in Montana, rather than California. John and Mary Hansen lived in Montana continually since 1945 and never lived in California. Most of the asbestos exposure is alleged to have occurred in Montana, while none is alleged to have occurred in California.

Most of the potential witnesses are from Montana. Nearly all medical treatment for the decedents was given in Montana, and all of the treating doctors still reside there. Although John once saw four medical consultants in Southern California over a six-day period, none of those doctors provided treatment. Also, most of his former coworkers are residents of Montana.

The vast majority of defendants have contacts in both California and Montana. OC does business nationwide and is subject to jurisdiction in both states. One defendant, Flintkote Company, is a California resident. One alleged joint tortfeasor, Fibreboard Corporation, is a California resident which allegedly manufactured asbestos-containing products in this state. However, it is not named as a defendant due to an injunction issued by a federal court.

Successor in interest and son Loren Hansen is a resident of California, while the other children, Terry and Glenn, are residents of Montana and Washington respectively. Some of the defendants and witnesses have assertedly consented to testify in California.

DISCUSSION

I.  *Motion to Dismiss or Stay Action*

A.  *Standard of Review*

█ The legal standard a moving party must meet in order to be entitled to a dismissal or stay of the action pursuant to the doctrine of forum non conveniens is controlled by statute and case law. The court shall dismiss or stay the action if it finds "in the interest of substantial justice an action should be heard in a forum outside this state." (Code Civ. Proc., § 410.30,

subd. (a).)[1] An action will be dismissed or stayed if a suitable alternative forum exists and the balance of private and public interests weigh in favor of allowing the litigation to proceed in the alternative forum. (*Stangvik* v. *Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14] (*Stangvik*).) The granting or denial of the motion lies within the trial court's sound discretion. (*Ibid.*) A court has exercised discretion appropriately when it acts within the range of options available under governing legal criteria in light of the evidence before it. (*Ford Motor Co.* v. *Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 610 [41 Cal.Rptr.2d 342] (*Ford*).)

Therefore, OC bore the burden of proving California an inconvenient forum and Montana a suitable alternative forum. However, substantial deference is accorded the trial court's determination that OC met this burden.

### B. *Suitable Alternative Forum*

An action will not be dismissed unless a suitable alternative forum is available to the plaintiff. (*Stangvik, supra,* 54 Cal.3d 744, 752.) Because of this factor, " 'the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states.' " (*Ibid.*)

▮ Appellants argue Montana is not a suitable alternative forum because OC failed to show all defendants were subject to jurisdiction in that state. Although OC is amenable to service of process in Montana, appellants argue OC failed to offer evidence to show three of the defendants were subject to service of process in Montana. Two of them, Rapid American Corporation and Atchison Topeka & Santa Fe Railway, represented to OC they had never been served in Montana, did not know if they were subject to service there and did not consent to Montana jurisdiction. A third, Auburn Industries, told OC it believed it might be subject to Montana jurisdiction, but also did not consent to such jurisdiction.

OC concedes, since the above three defendants have never been served in Montana, it is unknown whether they are subject to jurisdiction in that state; however, no abuse appears because the trial court, in staying these actions as opposed to dismissing them outright, was directing appellants to bring their actions in Montana to determine whether these defendants were subject to jurisdiction there. If not, appellants could return to California and request the stays be lifted.

Although a suit will not be dismissed if the moving defendant cannot be subjected to jurisdiction in other states, we are aware of no authority that a

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

moving defendant must show *all* defendants are subject to jurisdiction in a particular alternative forum. Appellants cite two cases for that proposition. However, one simply found an alternative forum suitable because the moving defendants stipulated to jurisdiction there (*Stangvik, supra*, 54 Cal.3d 744, 752), and the other found an alternative forum suitable because the moving defendants were subject to jurisdiction there (*Boaz* v. *Boyle & Co.* (1995) 40 Cal.App.4th 700, 705 [46 Cal.Rptr.2d 888]). Neither case states or implies *all* defendants must be subject to jurisdiction in an alternative forum before an order staying an action can be affirmed.

In asbestos cases such as this, where there are 200 named defendants, it is unreasonable to expect the moving defendant to prove *all* defendants are subject to jurisdiction in a particular alternative forum. Given the early stage for bringing a forum non conveniens motion, it would likely be unclear in many cases whether all defendants were even subject to jurisdiction *in California*. Because the court here stayed the action pending a determination that all defendants are subject to jurisdiction in Montana, there was no abused of discretion.

## C. *Private and Public Interests*

If a court determines an alternative forum is a suitable place for trial, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. (*Stangvik, supra*, 54 Cal.3d 744, 751.) The Supreme Court has outlined the governing factors: "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]" (*Ibid.*)

Therefore, the appropriate question for the court is not whether a suit can be brought in California, but whether California has sufficient private and public interests in the action to entertain it in this state. The private interests of the litigants and the interests of the public in this case, we hold, strongly weigh in favor of Montana as the appropriate jurisdiction.

Appellants argue OC failed to meet its burden under section 410.30, subdivision (a) of showing California is so seriously inconvenient that

substantial justice requires a dismissal or stay of this action. They argue since all plaintiffs and most witnesses are willing to travel to California and since all documents located outside California will be produced pursuant to section 2031, subdivision (a)(1), the inconvenience is minimal. They also argue OC has not shown California is a seriously inconvenient forum as it has made no effort to secure the availability of witnesses for testimony in California.

We are not persuaded. As for the private interests, John and Mary Hansen lived in Montana almost their entire lives, almost all of the alleged asbestos exposure occurred in Montana, and none is alleged to have occurred in California. Most potential witnesses reside in Montana, including all the treating physicians and all the known coworkers of John Hansen. In such circumstances, the ease of access of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process for the attendance of unwilling witnesses weigh in favor of Montana.

The public interests also weigh in favor of Montana. California courts are already overburdened with asbestos litigation and have little or no interest in litigation involving injuries incurred outside of California by nonresidents. It seems unduly burdensome for California residents to be expected to serve as jurors on a case having so little to do with California. The competing interests of California and Montana strongly weigh in favor of litigating this matter in Montana.

Appellants also argue OC did not meet its burden of producing sufficient evidence to overcome the strong presumption of appropriateness attending a plaintiff's choice of forum. ■ Case law adheres to the principle that the plaintiff's choice of forum is entitled to great weight even though the plaintiff is a nonresident. (*Ford, supra,* 35 Cal.App.4th 604, 610.) " '[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' [Citations.]" (*Id.* at pp. 610-611.) ■ However, as noted above, the balance *is* strongly in favor of Montana. Hansen and his wife lived in Montana most of their lives, their exposure to asbestos allegedly occurred in Montana, and almost all the witnesses are from there. Thus OC met its burden of overcoming the presumption of appropriateness in the plaintiff's choice of forum.

Appellants argue California has an interest in providing plaintiff Loren Hansen, a California resident, access to its courts. As previously noted, John Hansen died in April 1996 and Loren Hansen succeeded to his interests in the personal injury action and is one of the four plaintiffs in the wrongful death action of Mary Hansen.

■ "The general rule is that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' " (*In re Elise K.* (1982) 33 Cal.3d 138, 149 [187 Cal.Rptr. 483, 654 P.2d 253], quoting *In re James V.* (1979) 90 Cal.App.3d 300, 304 [153 Cal.Rptr. 334].) **(2d)** In the case at hand, the court rendered its decision long before Loren Hansen succeeded to his father's interest in the personal injury action. However, even if the court should have anticipated that succession, a plaintiff's residence is but one of many factors the court may consider. (*Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 860 [126 Cal.Rptr. 811, 544 P.2d 947].) In applying the doctrine of forum non conveniens, a California court has the power to stay an action, in contrast to dismissing it, even though the sole plaintiff is a California resident. (See, e.g., *ibid.*) Thus Loren Hansen's California residence did not control.

Since Montana is a suitable alternative forum and since the private and public interests weigh heavily in favor of Montana, it was not an abuse of discretion to stay the action on grounds of forum non conveniens.

II. *Motions for Reconsideration and Relief**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The orders are affirmed.

Kline, P. J., and Hodge, J.,† concurred.

*See footnote, *ante*, page 753.
†Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.