Filed 7/24/25  Zougub v. Robinson Helicopter Co., Inc. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| MAHDI A. ZOUGUB et al., | B334236 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 23TRCV01792) |
| v. | |
| ROBINSON HELICOPTER COMPANY, INC. et al., | |
| Defendants and Respondents. | |


APPEAL from an order of the Superior Court of Los Angeles County, Ronald F. Frank, Judge.  Affirmed.

Wisner Baum, Timothy A. Loranger, Ari Friedman, and Crawford Appleby Plaintiffs and Appellants.

Tim A. Goetz for Defendant and Respondent Robinson Helicopter Company, Inc.

Yukevich │ Cavanaugh, Todd A. Cavanaugh and Steven D. Smelser for Defendant and Respondent Avco Corporation.

Michaelis, Montanari & Johnson, Garry L. Montanari and Wesley S. Wenig for Defendant and Respondent Weldon Pump, LLC.

Wilson, Elser, Moskowitz, Edelman & Dicker, Patrick J. Kearns and Sarena L. Kustic for Defendant and Respondent Parker-Hannifin Corporation.

---

## I.     INTRODUCTION

Plaintiffs Mahdi Zougub, Fay Elhanafy, Rachel Jordan, and Eric Jordan (plaintiffs) brought an action against defendants Robinson Helicopter Company, Inc. (Robinson), Avco Corporation (Avco)[1], Weldon Pump, LLC (Weldon), and Parker-Hannifin Corporation (Parker-Hannifin) (defendants) alleging causes of action for strict products liability, breach of warranties, and negligence arising out of a helicopter crash in New Zealand. Defendants moved to dismiss or stay the complaint on forum non conveniens grounds (forum non conveniens motion). The trial court granted the motion. On appeal, plaintiffs contend the court erred in granting defendants' motion.[2] We affirm.

---

[1]     Plaintiffs also purported to bring their action against Lycoming Engines. In a motion to quash plaintiffs' service of summons and complaint for lack of jurisdiction, Avco represented that Lycoming Engines is an unincorporated operating division of Avco that does not exist as a legal entity separate from Avco.

[2]     In a one sentence argument without any discussion or citation to legal authority, plaintiffs also purport to challenge the court's rulings on their objections to evidence defendants

2

## II. BACKGROUND

### A. *The Complaint*

On June 6, 2023, plaintiffs filed a complaint against defendants alleging on June 12, 2021, a Robinson R44 II model helicopter (the helicopter) was carrying Zougub, Elhanafy, and Rachel Jordan when it suffered a mechanical failure, lost engine power, and crashed. All three passengers suffered serious and permanent physical injuries and Eric Jordan, Rachel's husband, suffered a loss of consortium.

The complaint's strict liability cause of action alleged the helicopter was defective because it contained a defective engine designed and manufactured by Avco, a defective pressure relief valve designed and manufactured by Parker-Hannifin, and a defective pump designed and manufactured by Weldon (the defective component parts). Further, the helicopter was defective because, among other things, it lacked systems to detect engine failure and fuel deficiencies. The risks associated with the defective component parts and other defects outweighed their benefits and were a substantial factor in causing plaintiffs' injuries.

The complaint's breach of warranties cause of action alleged defendants warranted the helicopter and the defective

---

submitted with their reply brief. We treat as forfeited perfunctory contentions made without adequate legal argument. (*Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4.)

component parts "were safe, airworthy, met or exceeded airworthiness standards, and were of merchantable quality."

The complaint's negligence cause of action alleged defendants negligently "designed, manufactured, assembled, inspected, tested, trained, warranted, authored, published, distributed and sold the R44[ ]model helicopter and its component parts, manuals, warnings and literature, including [the helicopter], so as to be the direct and proximate cause of the loss of engine power during normal and foreseeable use, causing the crash and resultant injuries and damages to plaintiffs . . . ."

B.     *Defendants' Forum Non Conveniens Motion*

On August 16, 2023, Robinson filed a forum non conveniens motion. Weldon, Parker-Hannifin, and Avco joined Robinson's motion. Defendants argued New Zealand was the appropriate and convenient forum for plaintiffs' action because plaintiffs were New Zealand residents; the helicopter accident that was the basis for plaintiffs' action occurred near Christchurch, New Zealand; all aspects of the accident flight were subject to New Zealand Aviation Regulations; the accident was investigated under the jurisdiction and control of the New Zealand Civil Aviation Authority; nearly all potential codefendants, including those who maintained, serviced, repaired, operated, and piloted the helicopter for over 15 years after the helicopter was exported to New Zealand as a new aircraft, were New Zealand citizens and organizations beyond the reach of the trial court; the maintenance records were in New Zealand; and nearly all witnesses resided in New Zealand.

4

In support of their forum non conveniens motion, defendants submitted a declaration from John Miller, a barrister and solicitor in New Zealand. Miller was the principal of New Zealand's largest accident compensation law firm and had been, for many years, a senior lecturer at Victoria University of Wellington teaching accident compensation law and tort law. Miller explained that Zougub, Elhanafy, and Rachel Jordan were barred from suing for compensatory damages in New Zealand, but "had cover" under New Zealand's Accident Compensation Act 2001 (Accident Compensation Act 2001; § 317(1), (N.Z.)) and set forth the potential recovery available under that act.

Miller further explained if Eric Jordan suffered mental injuries associated with the helicopter crash, he could recover under the Accident Compensation Act 2001 under certain circumstances. If he did not have cover under the Accident Compensation Act 2001, he was not barred from bringing an action for damages in New Zealand, but he could not recover for loss of consortium as New Zealand had abolished such actions in 1974. He could, however, bring an action in New Zealand courts for nervous shock if he suffered a psychiatric illness from witnessing or hearing of his wife's accident.

In opposition to defendants' forum non conveniens motion, plaintiffs argued defendants failed to show New Zealand was a suitable alternative forum, or plaintiffs' choice of California as a forum was so inconvenient the case should be dismissed. They further argued the private and public interest factors favored California. The private interest factors favored California because most of the key evidence was here, vital evidence in California was subject to compulsory process only in California, it would be easier and less expensive to litigate the case here, and it

was possible to obtain evidence from New Zealand easily. The public interest factors favored California because it had a substantial interest in the safety of products manufactured and sold in California, the Los Angeles community had a great interest in the safety of helicopters that were made and flown here, and there was no evidence this action would overburden the trial court.

In support of their opposition to defendants' forum non conveniens motion, plaintiffs submitted a declaration from Gregory James Thwaite, a barrister and solicitor in New Zealand. Thwaite explained the procedures in New Zealand to compel discovery.

On September 28, 2023, the trial court held a hearing on defendants' forum non conveniens motion. The same day, in advance of the hearing, the court issued an 11-page tentative ruling in which it discussed the suitability of New Zealand as a forum and identified a number of private and public interests that weighed in favor of a New Zealand venue.

Following argument by counsel, the trial court took the matter under submission. The following day, without expressly adopting its tentative ruling, the court issued its final order granting defendants' forum non conveniens motion and staying plaintiffs' action. The court granted the motion on the following conditions:

1.     Plaintiffs' action was stayed pending plaintiffs' filing an action in New Zealand;

2.     As defendants stipulated, the New Zealand statute of limitations was tolled from June 6, 2023, through the date plaintiffs filed their action in New Zealand;

3. As defendants stipulated, defendants could not contest the New Zealand court system's jurisdiction;

4. In plaintiffs' New Zealand case, defendants had to comply with the New Zealand court's discovery orders, including making their employees available to testify and their documents in the United States available for inspection and copying; and

5. The court retained jurisdiction to assist the New Zealand court in matters such as processing letters rogatory and commissions for taking depositions.

## III.  DISCUSSION

A.  *Legal Principles and Standard of Review*

"Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere.  [Citation.]"  (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*); Code Civ. Proc., § 410.30, subd. (a)[3].)  A defendant moving for forum non conveniens bears the burden of proof.  (*Stangvik, supra*, 54 Cal.3d at p. 751.)

Determining whether to grant a motion based on forum non conveniens is a two-step process.  First, a trial court must

---

[3]  Code of Civil Procedure section 410.30, subdivision (a) provides, "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

7

determine if the alternative forum is a suitable place for trial. (*Stangvik, supra*, 54 Cal.3d at p. 751.) An alternative forum is suitable if there is jurisdiction over the defendant and the action is not barred by a statute of limitations in the alternative forum. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1187 (*Hahn*).)

If the defendant meets its threshold burden of showing a forum is suitable—i.e., there is jurisdiction and the action is not barred by the statute of limitations—the plaintiff may then establish the forum's unsuitability through the "'no remedy at all' exception." (*Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 133 (*Shiley Inc.*).) That exception, however, "applies only in 'rare circumstances,' such as where the alternative forum is a foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law. [Citation.]" (*Id.* at pp. 133–134; *Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 697 (*Guimei*).)

Second, if a trial court determines the alternative forum is suitable, then it must balance the litigants' private interests and the public's interest in retaining the action for trial in California. (*Stangvik, supra*, 54 Cal.3d at pp. 751–752.) "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the

competing interests of California and the alternate jurisdiction in the litigation." (*Id.* at p. 751.)

We review whether an alternative forum is suitable de novo. (*Hahn, supra*, 194 Cal.App.4th at p. 1187; *American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 436 (*American Cemwood Corp.*); but see *Guimei, supra*, 172 Cal.App.4th at p. 696 [substantial evidence review].)

We review a trial court's private and public interest balancing inquiry for an abuse of discretion, giving the court's determination substantial deference. (*Hahn, supra*, 194 Cal.App.4th at p. 1187; *American Cemwood Corp., supra*, 87 Cal.App.4th at p. 436.) A trial court abuses its discretion when it acts in an arbitrary, capricious, or patently absurd manner that results in a miscarriage of justice (*People v. Thomas* (2023) 14 Cal.5th 327, 399 (*Thomas*)); or when it bases its decision on an incorrect legal standard (*People v. Knoller* (2007) 41 Cal.4th 139, 156 (*Knoller*); *In re M.W.* (2018) 26 Cal.App.5th 921, 931 ["a court abuses its discretion when it misinterprets or misapplies the law"].)

B. *Analysis*

1. <u>Suitable Forum</u>

Plaintiffs contend the trial court erred in finding New Zealand was a suitable forum because (1) New Zealand does not provide a remedy for Eric Jordan's loss of consortium claim, (2) the court's tentative ruling improperly suggested a choice of law analysis might be relevant to the suitable forum issue, and (3) Avco did not timely join Robinson's forum non conveniens

9

motion and, accordingly, not all defendants agreed to waive jurisdiction in New Zealand and the statute of limitations.

### a.     Loss of consortium remedy

In *Shiley Inc., supra*, 4 Cal.App.4th 126, the plaintiffs were foreign state residents who received artificial heart valve implants at hospitals outside of California.  (*Id.* at p. 129.) Although none of the valves had malfunctioned, the plaintiffs sued the valve manufacturers and others in California alleging physical and emotional distress from "the knowledge that the valves may be defective and may fracture or malfunction without warning, causing death or severe physical injury." (*Ibid.*)  Unlike California, the home states of 31 of the 35 nonresident plaintiffs "d[id] not recognize a cause of action arising out of injuries caused by a product which has not yet malfunctioned.  [Citations.]" (*Id.* at pp. 129, 132.)

In reviewing the denial of the defendants' forum non conveniens motions, the court of appeal found unsupported the plaintiffs' position that the defendants had to show the plaintiffs' home states provided a remedy for their claims. (*Shiley Inc., supra*, 4 Cal.App.4th at p. 132.)  It held instead that "while an alternative forum must be open to the plaintiff and the defendant must be amenable to jurisdiction there, the law does not require that the alternative forum, in order to be 'suitable,' provide equivalent relief." (*Ibid.*)  The court explained, in making a suitability determination, a "[trial] court may not even consider the fact that an alternative forum does not recognize a cause of action which would be available to the plaintiff under California law.  [Citation.]" (*Id.* at p. 133.)

10

Accordingly, that New Zealand does not provide a remedy for Eric Jordan's loss of consortium claim does not render New Zealand an unsuitable alternative forum. (*Shiley Inc., supra*, 4 Cal.App.4th at pp. 132–133.)

Plaintiffs' reliance on a reference to *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.* (Del. 1978) 78 F.R.D. 445 (*Phoenix Canada Oil Co. Ltd.*) in *Piper Aircraft Co. v. Reyno* (1981) 454 U.S. 235, 254, footnote 22 (*Piper*) for the proposition that a forum is unsuitable when it does not offer the plaintiff a remedy is inapposite. In *Piper,* the Supreme Court explained dismissal is not appropriate where an alternative forum does not permit litigation of the subject matter of the dispute, citing *Phoenix Canada Oil Co. Ltd.* as an example of when a court refused to dismiss an action where the alternative forum was Ecuador and it was unclear whether an Ecuadorean tribunal would hear the case, and there was no generally codified Ecuadorean legal remedy for the unjust enrichment and tort claims the plaintiff asserted. (*Piper, supra*, 454 U.S. at p. 254, fn. 22.) Nevertheless, the case before it, which concerned a fatal plane crash in Scotland involving Scottish citizens and residents (*id.* at pp. 238–239), was not a case where no remedy was available even though Scottish law did not permit recovery based on a strict liability theory. According to the court, "Although the relatives of the decedents may not be able to rely on a *strict liability theory*, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly." (*Id.* at pp. 254–255, italics added.) As New Zealand law expert Miller explained in his unrefuted declaration, Eric Jordan had potential remedies under the New Zealand Accident Compensation Act 2001, and he could otherwise bring an action

11

under New Zealand law, he just could not rely on a loss of consortium theory.

### b. The trial court's tentative ruling analysis

As stated above, we review a forum's suitability de novo. (*Hahn, supra*, 194 Cal.App.4th at p. 1187; *American Cemwood Corp., supra*, 87 Cal.App.4th at p. 436.) Accordingly, plaintiffs' contention that the trial court's tentative ruling analysis improperly suggested a choice of law analysis might be relevant to determining a forum's suitability is unavailing.

### c. The timeliness of Avco's joinder

Plaintiffs objected in the trial court that Avco's joinder was untimely. As they implicitly acknowledge in their opening brief on appeal, they did not obtain a ruling from the trial court on their objection. By that failure, plaintiffs have forfeited appellate review. (*People v. Ramirez* (2006) 39 Cal.4th 398, 450 [the failure to press a court for a ruling deprives the court of the opportunity to correct its potential error and forfeits appellate review]; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247 [a party's "failure to prompt the court to rule on its request and obtain such a ruling amounted to a forfeiture of its request"].) A finding of forfeiture is appropriate here because had plaintiffs pressed for a ruling, the trial court could have found good cause for Avco's late filing. Indeed, Avco filed its joinder on September 18, 2023, well in advance of the court's hearing on the motion, and plaintiffs have not demonstrated that they were prejudiced by the late filing. (See *Fox Factory, Inc. v. Superior*

*Court* (2017) 11 Cal.App.5th 197, 204 [rejecting plaintiff's argument that defendant's motion was "untimely, because it could have sought a stay earlier but simply 'laid [*sic*] back and waited' for the other defendants to secure a favorable dismissal" because defendant "could not practically have brought its motion any sooner . . ."].)

### 2. Balancing Private and Public Interests

Plaintiffs contend defendants failed to meet their burden to show the private or public interests strongly favor New Zealand. That is, they ask us to undertake a substantial evidence review.[4] As we explained above, and as plaintiffs acknowledge in their opening brief, we review a trial court's private and public interest balancing inquiry for an abuse of discretion, giving the court's determination substantial deference. (*Hahn, supra*, 194 Cal.App.4th at p. 1187; *American Cemwood Corp., supra*, 87 Cal.App.4th at p. 436.)

In balancing the private and public interests, the trial court's task was qualitative and not quantitative. (*Hemmelgarn v. Boeing Co.* (1980) 106 Cal.App.3d 576, 585.) We presume the court was aware it was to balance the private and public interests in determining whether to retain plaintiffs' action in California. (*People v. Jones* (2017) 3 Cal.5th 583, 616 (*Jones*) [in the absence of evidence to the contrary, we presume the court is aware of and complies with the law].)

---

[4] We reject plaintiffs' attempt in their reply brief to recast their substantial evidence argument as an abuse of discretion argument.

Plaintiffs have not demonstrated the trial court abused its discretion in implicitly finding that the private and public interests favoring New Zealand outweighed the private and public interests favoring California. That is, plaintiffs have not demonstrated the court acted in an arbitrary, capricious, or patently absurd manner (*Thomas, supra*, 14 Cal.5th at p. 399); or that it based its decision on an incorrect legal standard (*Knoller, supra*, 41 Cal.4th at p. 156; *In re M.W., supra*, 26 Cal.App.5th at p. 931).

### 3. Plaintiffs' Choice of Forum

A "California plaintiff's choice of California as a forum is accorded great weight, but an international plaintiff's choice of California as a forum is not entitled to the same preference." (*David v. Medtronic, Inc.* (2015) 237 Cal.App.4th 734, 741, fn. 7; *Guimei, supra*, 172 Cal.App.4th at p. 702 ["While a resident plaintiff's choice of California as the forum state is afforded substantial weight, a nonresident plaintiff's choice is given less deference"].)

Plaintiffs contend the trial court erred "by applying the wrong standard in rejecting [their] choice of forum and failing to give it the required weight." They argue because the Jordans are United States citizens and were born and raised in California, they were entitled to the same deference given to California residents in their choice of forum, even though they are New Zealand residents. Moreover, even if the Jordans appropriately were treated as foreigners, their choice of forum, like the choice of forum of foreigners Zougub and Elhanafy, was entitled to significant deference.

14

At the hearing on defendants' forum non conveniens motion, plaintiffs' counsel stated he wanted to add something that was not in his papers opposing the motion: "Rachel and Eric Jordan are actually U.S. citizens. [¶] They were born here in California. They are living in New Zealand. So I think that that might affect, you know, in terms of the standard that applies and how much deference and how much weight is provided to California's choice of forum."

The trial court thanked plaintiffs' counsel for the information and his argument. It added, "That factor would weigh when we're looking at the—the public and the private factors, which we haven't gotten to yet . . . ."

Later, when discussing the private and public factors, plaintiffs' counsel again raised the Jordans' claim for choice of forum deference. Counsel stated, "As I mentioned earlier during the hearing, I wanted to make sure and the court does remember this that Rachel and Eric Jordan are U.S. citizens abroad, and I believe that that should weigh, you know, in favor of giving this case greater deference and greater, you know, weight to the plaintiff[s'] choice of forum given that they were born here in California."

The record therefore shows plaintiffs' counsel argued to the trial court it should accord deference to the Jordans' choice of California as the forum for their action based on their United States citizenship and ties to California. The court acknowledged the argument and said it was appropriately considered in balancing the private and public factors. Plaintiffs do not cite any part of the record that shows the court did not thereafter consider any deference to which the Jordans were entitled as United States citizens and former California residents, and we

15

are not obligated to search the record for support for plaintiffs' argument.  (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

Plaintiffs also do not provide a record cite demonstrating they argued in the trial court their choice of forum, even if all plaintiffs were treated as foreigners, was entitled to deference. Accordingly, they have forfeited that argument on appeal.  (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117 [the failure to raise an issue in the trial court forfeits the right to raise it on appeal].)

Finally, we presume the trial court considered any deference to which plaintiffs' choice of forum was entitled. (*Jones, supra*, 3 Cal.5th at p. 616.)

## IV.    DISPOSITION

The order is affirmed.  Defendants are entitled to their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

WILLIAMS, J.*

_____

\*      Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17