Filed 4/27/17

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FOX FACTORY, INC., Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY Respondent, PETER ISHERWOOD , Real Party in Interest. | No. H043648 (Santa Clara Super. Ct. No. 1-13-CV-245098) |

Petitioner Fox Factory, Inc., doing business as Fox Racing Shox (Fox), is the defendant in an action for personal injuries brought in Santa Clara County by plaintiff and real party in interest Peter Isherwood.  Fox moved to dismiss or stay plaintiff's lawsuit under the doctrine of forum non conveniens, but the superior court denied the motion, citing authority requiring California to be a "seriously inconvenient" forum for the motion to succeed.  Fox seeks writ review, contending that the court applied the wrong legal standard in denying the motion.  We agree.  Accordingly, we will grant the petition and direct the superior court to reconsider Fox's motion under the proper standard.

*Background*

Plaintiff Isherwood is a Canadian citizen and resident of British Columbia.  Fox, a California corporation, manufactures bicycle parts, including front fork racing shocks.

On April 24, 2011, plaintiff was mountain biking downhill in British Columbia on a full-suspension mountain bike purchased from Oak Bay Bikes, a retail bicycle shop in British Columbia. The mountain bike was assembled with specialized component parts selected by plaintiff from various manufacturers, including a frame manufactured by Specialized Bicycle Components, Inc. (Specialized), a California corporation; an adapter made by Full Speed Ahead, Inc., a Washington corporation; a headset made by King Cycle Group, Inc., (King), an Oregon corporation;[1] and Fox Vanilla 36 RC forks which "a lot of professionals rode." According to plaintiff's first amended complaint, the steerer tube used in the Fox racing shocks broke as plaintiff landed a jump. Plaintiff was thrown forward, resulting in a spinal cord injury.

Plaintiff filed this action on April 22, 2013, alleging negligence, strict products liability, breach of the implied warranty of merchantability, and breach of the implied warranty for a particular purpose. Tamara Jayne Bickerton, who later became plaintiff's wife,[2] also alleged loss of consortium, but she subsequently obtained dismissal of her claim with prejudice. In addition to Fox, plaintiff named Specialized, King, and Full Speed Ahead.

The following day, April 23, 2013, plaintiff filed another court action in Vancouver, British Columbia, naming as defendants SNC Cycles Ltd. (SNC Cycles) and three Doe corporations, as well as three individuals as John Doe defendants. In this pleading plaintiff alleged that the identities of the corporate and individual Doe defendants were unknown to him, even though the allegations were the same as those in the California action filed one day earlier. He also alleged that SNC Cycles was the owner and operator of Oak Bay Bicycles. As in the California action, plaintiff claimed

---

[1] King was erroneously sued as Chris King Precision Components.
[2] Plaintiff and Bickerton did not have any officially recognized relationship until the date of their marriage, which plaintiff testified was July 12, 2014.

that the negligence of these defendants was responsible for the April 24, 2011 accident that had caused his injuries.

The caption of the British Columbia pleading named "Peter Dilwyn Iserwood" as plaintiff. According to Fox, the misspelling of plaintiff's name, together with the intentional withholding of the defendants' true names, precluded discovery of this lawsuit despite "multiple searches" of the dockets of the Vancouver courts. In addition, plaintiff had testified in his October 2014 deposition that he had never been a plaintiff "in a lawsuit other than this one." He also answered "no" to an interrogatory question about whether, in the past 10 years, he had "filed an action or made a written claim or demand for compensation for [his] personal injuries."

Full Speed Ahead obtained summary judgment in the California action on December 18, 2014. Specialized and King likewise obtained summary judgment on February 19, 2016, leaving only Fox as a defendant in this case.

On March 1, 2016, Fox moved to dismiss or, in the alternative, stay all further proceedings in the California case on the ground of forum non conveniens. Citing Code of Civil Procedure section 410.30, subdivision (a),[3] and section 418.10, subdivision (a)(2), Fox argued that British Columbia, where the Canadian case was ongoing, was a suitable forum because plaintiff was a British Columbia resident, the accident took place in British Columbia, and all relevant evidence, medical personnel, and percipient witnesses were located there. Fox believed it was at an unfair disadvantage because it had "no way to compel the appearance at trial of any of the crucial Canadian witnesses," whereas plaintiff would be able to obtain the cooperation of his most favorable witnesses. Furthermore, Oak Bay Bikes, the British Columbia retailer, was a defendant in the Canadian action. The two cases should be tried together, Fox argued, to prevent piecemeal litigation, assure plaintiff a full recovery, and ensure the

---

[3] All further statutory references are to the Code of Civil Procedure.

participation of Oak Bay Bikes, which was potentially liable.  Finally, Fox argued that public interests favored sending this case—which could result in a lengthy, technically complex trial—to Canada, to avoid the further congestion of California's already "overburdened" courts by a plaintiff with no connection to this state.  Fox stipulated that it would subject itself to jurisdiction in British Columbia.

Plaintiff responded that Fox's motion was precluded as a matter of law because it had already taken advantage of California's legal process by conducting discovery in the case.  Plaintiff did not dispute that British Columbia was a suitable forum, but he maintained that California was "equally suitable."  In his view, the private and public interest factors did not support a conclusion that California was a "seriously inconvenient forum."

Fox disputed plaintiff's claims of discovery abuse and pointed to misstatements in plaintiff's own discovery responses.  It explained that despite its docket searches, it had not learned of the British Columbia lawsuit until June 2015, through its communication with Oak Bay Bikes (which had not been named in the California action).  Fox asserted that plaintiff had "deliberately concealed" the British Columbia litigation.  Not only was plaintiff's name misspelled in the caption of the British Columbia complaint, but he had withheld the identities of the defendants by suing them as Doe corporations and alleging that he was unaware of their identities.  One of those Doe defendants was Fox itself, through the allegation of the negligent design or manufacture of the steerer tube.[4]  Fox also pointed out that even after it learned about the British Columbia lawsuit, it "lacked universal consensus among defendants" and therefore was unable to seek a stay or dismissal until the other defendants had obtained summary judgment.

---

[4] The Vancouver "Notice of Civil Claim" alleged:  "The steerer tube and other components of the SX Trail were designed, manufactured, marketed and distributed by the Defendants Doe Corporations #1, #2 and #3."

4

On April 19, 2016, the superior court denied Fox's motion. It rejected plaintiff's theory that Fox had made an untimely request after conducting extensive discovery: "Regardless of whether plaintiff was forthcoming about having filed a lawsuit in Canada," plaintiff did initiate suit there arising from the same facts, and Fox "could not have brought this motion sooner due to the involvement of other defendants who are no longer in the case." The court further acknowledged the parties' stipulation that British Columbia was a suitable forum. It then proceeded to weigh the private and public interest factors it found relevant. Invoking the test articulated in *Ford Motor Co. v. Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 611 (*Ford*), the court stated that "[t]he inquiry is not whether some other state or country provides a better forum than does California, 'but whether California is a seriously inconvenient forum.' *Ford Motor Co. v. Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 611 (quoting *Northrop Corp. v. American Motorists Ins. Co.*, [(1990)] 220 Cal.App.3d [1553,] 1561). While there are some factors [that] weigh against maintaining this action in California, others weigh in favor of proceeding here, such as whether a California defendant is manufacturing and selling defective parts. After balancing several factors, the Court concludes that California is not an inconvenient forum." On November 4, 2016, after receiving Fox's petition for writ of mandate and plaintiff's preliminary opposition, we issued an order to show cause. Plaintiff filed a return, followed by Fox's reply.

*Discussion*

1. *Legal Framework*

The doctrine of forum non conveniens is rooted in equity. It allows a court to decline to exercise its jurisdiction over a case when it determines that the case "may be more appropriately and justly tried elsewhere." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) The Legislature endorsed the application of this principle by enacting section 410.30, which states, in subdivision (a), "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be

5

heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." As explained in the Judicial Council's comment to this section, the provision "authorizes a court to decline to exercise its jurisdiction in appropriate instances on the ground that the plaintiff has unfairly or unreasonably invoked the jurisdiction of an inconvenient forum."

Our Supreme Court in *Stangvik* set forth a two-step analysis for a court considering a forum non conveniens motion. "A case-by-case examination of the parties, their dispute and the relationship of each to the state of California is the heart of the required analysis." (*National Football League v. Fireman's Fund Insurance Company* (2013) 216 Cal.App.4th 902, 921 (*NFL*).) The court "must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik*, *supra*, 54 Cal.3d at p. 751, citing *Piper Aircraft Co. v. Reyno* (1981) 454 U.S. 235, 259-261 (*Piper* ) and *Gulf Oil Corp. v. Gilbert* (1947) 330 U.S. 501, 507-509.) Also of potential concern is "the interest in trying the case in a forum familiar with the applicable law, and the interest in avoiding unnecessary conflicts of laws." (*Ravelo Monegro v. Rosa* (9th Cir.2000) 211 F.3d 509, 512.) These public and private interests are to be "applied flexibly, without giving undue emphasis to any one element." (*Stangvik*, *supra*, at p. 753.)

6

The burden of proof is on the defendant, as the party asserting forum non conveniens. (*Stangvik, supra,* 54 Cal.3d at p. 751.) On appeal, the "threshold" determination—the suitability of the alternative forum—is examined de novo. (*Id.* at p. 752, fn. 3; *American Cemwood Corp. v. American Home Assurance Co*. (2001) 87 Cal.App.4th 431, 436; *Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1528.) We review the ultimate ruling, however, for abuse of discretion, and the lower court's ruling is entitled to "substantial deference." (*Stangvik, supra*, at p. 751.)

Before proceeding to the merits of Fox's petition, we briefly address plaintiff's renewed assertion that Fox's motion was untimely, because it could have sought a stay earlier but simply "laid [*sic*] back and waited" for the other defendants to secure a favorable dismissal. We reject plaintiff's argument, as did the superior court. The court was entitled to find that Fox could not practically have brought its motion any sooner while the other defendants remained in the case. Plaintiff fails to show error in either the court's reasoning or its conclusion on this point.

2. *The "Seriously Inconvenient" Standard*

The essence of Fox's argument is that the superior court applied the wrong legal standard in denying Fox's motion. Because plaintiff is a Canadian citizen, not a California resident, Fox contends that plaintiff was entitled to less deference in his forum choice, and it should not have been required to show that California was a *seriously* inconvenient forum in order to obtain a stay or dismissal.[5] Plaintiff responds that whether a plaintiff is a resident or nonresident is not dispositive: although the forum choices of nonresidents enjoy less deference than those of residents, "both types of

---

[5] Plaintiff asserts that Fox forfeited its challenge by not presenting it to the superior court. He is incorrect. Fox argued vigorously in its reply that plaintiff was mischaracterizing the applicable standard.

7

plaintiffs [*sic*] have the same burden—to show that California is seriously inconvenient. Fox muddles these two principles."

In his return, plaintiff clarifies that it is the *defendant* that has this burden. He nonetheless adheres to the assertion that the required showing is a seriously inconvenient forum, even when the plaintiff is not a resident of California. Plaintiff even urges this court to reach the same result as we did in one of our unpublished decisions, as if withholding the name of the case allows it to rely on that opinion "[t]o ensure consistency of decisional principle." We will ignore plaintiff's inappropriate, two-paragraph discussion of the court's analysis in that case. (Cal. Rules of Court, rule 8.11155(a).) Suffice it to say that this court has never adopted the "seriously inconvenient" standard advocated by plaintiff.

The primary source of the standard on which the court and plaintiff relied is *Ford*. In *Ford* the Second Appellate District, Division One, reversed a *dismissal* based on forum non conveniens in an action brought by a *California* plaintiff against multiple liability insurers. The court imposed on the defendants "the burden of producing sufficient evidence to overcome the strong presumption of appropriateness attending plaintiff's choice of forum. That is, the inquiry is not whether Michigan provides a *better* forum than does California, but whether California is a *seriously inconvenient* forum." (*Ford*, *supra*, 35 Cal.App.4th at p. 611; see also *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1463-1464 [upholding stay based on finding that California was a seriously inconvenient forum for Texas plaintiffs suing for toxic exposure of decedent in Texas]; *Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 760 [finding balance of public and private interests to favor Montana notwithstanding plaintiffs' insistence that California was not "seriously inconvenient"]; *In re Marriage of Taschen* (2005) 134 Cal.App.4th 681, 691 [upholding stay in favor of litigation in Germany based on trial court's determination that California was a seriously inconvenient forum].)

8

Plaintiff insists that *Ford* articulated the proper test for determining Fox's forum non conveniens motion. We disagree. First, applying the "seriously inconvenient" standard to plaintiff's lawsuit would amount to according his forum preference "great weight," as did the court in *Ford*. (*Ford*, *supra*, 35 Cal.App.4th at p. 610.) But to do so here would contravene the guidance of our Supreme Court in *Stangvik*, which clearly explained that the forum choice of a *foreign* plaintiff is not entitled to a presumption of convenience. (*Stangvik*, *supra*, 54 Cal.3d at pp. 754-755; see *Piper*, *supra*, 454 U.S. at pp. 255-256 [approving of distinction between a resident plaintiff's choice of home forum and a foreign plaintiff's choice, which "deserves less deference"].) In discussing the residence of the parties as a factor in the analysis of private and public interests, the Supreme Court in *Stangvik* limited the prior appellate holdings that the plaintiff's forum choice "should rarely be disturbed unless the balance is strongly in favor of the defendant." (*Stangvik*, *supra*, at p. 754.) "[T]he reasons advanced for this frequently reiterated rule apply only to residents of the forum state: (1) if the plaintiff is a resident of the jurisdiction in which the suit is filed, the plaintiff's choice of forum is presumed to be convenient [citations]; and (2) a state has a strong interest in assuring its own residents an adequate forum for the redress of grievances. . . . Where, however, the plaintiff resides in a foreign country, *Piper* holds that the plaintiff's choice of forum is much less reasonable and is not entitled to the same preference as a resident of the state where the action is filed. (*Piper*, *supra*, 454 U.S. at p. 256.)" (*Stangvik*, *supra*, at pp. 745-755.) Accordingly, the choice of California as a forum by the *Stangvik* plaintiffs—all of whom were residents of Sweden or Norway—was "not a substantial factor in favor of retaining jurisdiction here." (*Id*. at p. 755.)

Even the court in *Ford* acknowledged that under *Stangvik* "a foreign, noncitizen plaintiff's choice of forum is entitled to less deference." (*Ford*, *supra*, 35 Cal.App.4th at p. 611.) *Northrop Corp. v. American Motorists Ins. Co.*, *supra*, 220 Cal.App.3d at p. 1561 (*Northrop*), the case cited by the *Ford* court in support of its "seriously

inconvenient" language, did not employ such a standard; indeed, the *Northrop* court did not use that language at all. The focus of the court was on the "substantial and 'deeply rooted' " interests and policies according weight to a *California resident's* choice of forum. (*Id.* at p. 1562.)

*NFL* offers a more factually analogous and more cogent analysis than that of *Ford*. There the plaintiff football league had its headquarters and its "physical center of operations" in New York, and it therefore was deemed not to be a California resident as it had claimed to be, notwithstanding the location of three of its 32 teams. (*NFL*, *supra*, 216 Cal.App.4th at p. 919.) After the trial court granted the defendant insurers' motions to stay NFL's action against them, NFL appealed, contending that the court had abused its discretion in weighing the private and public interest factors. Among its arguments was the assertion that the trial court had erred in not requiring the insurers to demonstrate that California was a seriously inconvenient forum. The appellate court (Second District, Division Five) agreed with the trial court that this standard is inapplicable to a nonresident plaintiff.

Plaintiff complains that the *NFL* court "blithely dismissed" the Judicial Council comment to section 410.30, which states, "Under the doctrine of inconvenient forum, a court, even though it has jurisdiction, will not entertain the suit if it believes that the forum of filing is a seriously inconvenient forum for the trial of the action." But as noted in *NFL*, the Supreme Court in *Stangvik* clarified that "the basis of the inconvenient forum doctrine is the need to give preference to *California residents* and guard against the ' "unchecked and unregulated importation of transitory causes of action for trial in this state." ' " (*NFL*, *supra*, 216 Cal.App.4th at p. 926, italics added.) We likewise reject plaintiff's implicit suggestion that in every case great weight is required to overcome a nonresident plaintiff's forum choice. Even if we were reviewing a *dismissal* order in a suit brought by a *California* resident—we would not subscribe to the analysis employed in *Ford*. And plaintiff's position is all the more untenable in this case, as he is not even a

10

United States citizen, a distinction highlighted in *Stangvik*.  The superior court therefore erred in imposing a burden on *Fox* to show that California is a *seriously* inconvenient forum in order to obtain a dismissal or stay under the forum non conveniens doctrine.

"A trial court abuses its discretion when it applies the wrong legal standards applicable to the issue at hand." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 85; accord, *Doe 2 v. Superior Court* (2005) 132 Cal.App.4th 1504, 1517; see also *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733 ["An abuse of discretion is shown when the trial court applies the wrong legal standard"].)  Here, the superior court's dismissal of Fox's motion based on the "seriously inconvenient" standard amounted to an abuse of discretion which cannot stand.

In his preliminary opposition to Fox's petition plaintiff maintains that if erroneous, the ruling was not prejudicial.  He relies on article VI, section 13, of the California Constitution—which precludes reversal absent a miscarriage of justice[6]—and on *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580, which affirmed a judgment where the asserted instructional error was harmless.  Even if the procedural posture of this case were comparable to that of *Soule* and judicial applications of article VI, section 13, we would not speculate as to how the court would have ruled had it not believed it was obligated to grant the motion only if California were a seriously inconvenient forum.  As noted earlier, it is for the superior court to weigh and flexibly apply the private and public interests at stake.  (*Stangvik*, *supra*, 54 Cal.3d at p. 753.)  Here it is conceivable that upon reconsidering the motion under the correct standard the court will find that equity and the

---

[6] This constitutional provision states:  "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

11

balance of private and public interests compel the granting of the motion.[7]  Accordingly, we cannot accede to plaintiff's request that we deem the error harmless as a matter of law.  By the same token, we decline Fox's request to direct the court to stay or dismiss the California action.  Instead, we must remand the matter to permit the proper exercise of the superior court's discretion.

*Disposition*

Let a peremptory writ of mandate issue directing the respondent court to set aside its April 19, 2016 order denying petitioner Fox's motion to dismiss or stay plaintiff's lawsuit, and to reconsider the motion in accordance with the correct standard for evaluating this forum non conveniens motion.  The temporary stay is vacated effective upon the finality of this opinion.  Costs in this original proceeding are awarded to Fox.

---

[7] The court's written order specifically identified only one of the *Stangvik* factors, by suggesting the relevance of "whether a California defendant is manufacturing and selling defective parts."

12

_____

ELIA, J.

WE CONCUR:

_____

PREMO, Acting P. J.

_____

GROVER, J.

*Fox Factory*, *Inc. v. Superior Court*
H043648

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.: 1-13-CV-245098 |
| | |
| Trial Judge: | Honorable Beth McGowen |
| | |
| Counsel for Petitioner: | Paul J. Killion |
| FOX FACTORY, INC. | |
| | Duane Morris |
| | |
| Counsel for Respondent: | "No Appearance for Respondent" |
| THE SUPERIOR COURT OF SANTA | |
| CLARA COUNTY | |
| | |
| Counsel for Real Party in Interest: | Law Office of Gary L. Simms |
| PETER ISHERWOOD | Gary L. Simms |
| | |
| | Rouda, Feder, Tiejen & McGuinn |
| | Cynthia McGuinn |