Filed 7/29/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| MICHAEL J. KIELY et al., Plaintiffs and Appellants, v. HYPH (USA), INC. et al., Defendants and Respondents. | B337456 (Los Angeles County Super. Ct. No. 22STCV38031) |
| --- | --- |


APPEAL from an order of the Superior Court of Los Angeles County. Thomas D. Long, Judge. Affirmed.

Annigian Ryan, James T. Ryan and Jason D. Annigian for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, Robert F. Serio and Daniel Willey for Defendants and Respondents.

_____

Michael J. Kiely, an Irish resident, and MDMK Ltd., an Irish corporation (collectively plaintiffs), filed suit against defendants HYPH (USA), Inc., HYPH Corporation, XHAIL, Inc., Max Renard, Andreas Carlsson, Alexander Dessauer, and Anders Thorsell. Kiely had been living in California. XHAIL, Inc. is a California corporation. Each remaining entity defendant is a Delaware corporation with a principal place of business in a state other than California. The individual defendants reside in either a foreign country or a state other than California.

Plaintiffs' suit alleges defendants conspired to fraudulently induce Kiely to sell shares of a company he founded at a significant discount. Defendants then orchestrated the transfer of most of that company's shares to their new company. The result was to deprive Kiely of any ownership interest in the new company.

After plaintiffs filed a complaint alleging tort and statutory causes of action, defendants moved for a stay or dismissal, contending the suit should be heard in the Kingdom of Sweden (Sweden). The trial court granted defendants' motion based on alternative grounds of mandatory forum selection clause and traditional forum non conveniens and stayed the action.

On appeal, plaintiffs contest both grounds of the ruling. We conclude the trial court did not abuse its discretion in determining private and public interest factors weigh in favor of Sweden as the forum. We thus hold the court properly stayed the action on the alternative independent ground of traditional forum non conveniens. While this appeal was pending, the California Supreme Court issued its decision in *EpicentRx, Inc. v. Superior Court* (July 21, 2025, S282521) __ Cal.5th __ (*EpicentRx*). We separately address the impact of that decision on plaintiffs' claim the enforcement of the parties' forum selection clause operates as an "implied waiver" of their jury trial right.

We affirm the order.

# FACTUAL AND PROCEDURAL BACKGROUND

## I. Relevant Facts

Kiely is a citizen and current resident of the Republic of Ireland (Ireland). He and his wife Moira founded XHAIL that ultimately became XHAIL AB, a Swedish corporation. XHAIL AB is a music technology company that provides a patented platform for consumers to create their own music.[1] MDMK, Ltd. is an Irish corporation, wholly owned by Moira. MDMK, Ltd. is the holding company for Kiely's and Moira's ownership interest in XHAIL AB. MDMK, Ltd. has neither opened offices nor done business in California.

Kiely was the original Chief Executive Officer (CEO) of XHAIL AB until June 2021 when he hired Renard to replace him. In his declaration, Renard stated he is a citizen of Sweden, residing in Massachusetts.

According to the operative complaint, Kiely was an employee of an Irish subsidiary of XHAIL AB in 2021. In his declaration, Kiely states while working for the subsidiary, he was living in Los Angeles and traveling between California and Ireland. Kiely continued to work for the subsidiary until he was terminated from his job in November 2021 and later from his positions as XHAIL AB board chairman and board member. Kiely avers in his declaration, he thereafter remained in California until May 2022, when he returned to live in Ireland. Kiley paid California state income tax.

Kiely's operative complaint alleges CEO Renard and XHAIL AB board members Thorsell and Dessauer conspired to improperly remove Kiely from his employment and leadership positions with XHAIL AB to gain overall control and enrich themselves at the expense of the

---

[1] There are many different, but related entities with similar names that appear in the record. Some entities have changed their names over time. Adding to the confusion, the parties do not refer to all entities in the same way. For the sake of simplicity and clarity, we mention only those entities that are either parties or otherwise relevant to understanding the issues. We use original names as much as possible.

company.  In his declaration, Thorsell stated he is a citizen of Sweden and resident of Massachusetts.  Thorsell wholly owns nonparty Connector Corporate Finance AB, a Swedish company.  In his declaration, Dessauer averred he is a United States citizen and resident of Florida.

The operative complaint also alleges, before he lost his job with the XHAIL AB subsidiary, Kiely needed money quickly to purchase a home in Ireland.  In October 2021, Kiely approached CEO Renard and Thorsell to discuss selling some of his XHAIL AB shares.  The two men represented they knew of a potential buyer.  They advised Kiely the buyer insisted on remaining anonymous and would only purchase the shares at a discounted price.  The complaint alleges the "discussions and negotiations" "leading up" to the sale were conducted when Kiely and his wife "were residents of and located in California."  Kiely agreed to the sale.  Only later did he learn Thorsell and his company Connector Corporate Finance AB were the true buyers of his XHAIL AB shares.

The operative complaint further alleges plaintiffs were still the largest shareholders of XHAIL AB in early 2022.  In or about March 2022, defendants arranged for a " 'share migration' " or a transfer of equity from XHAIL AB to HYPH Corporation, a new company that defendants had formed.  Renard became HYPH Corporation's CEO.  Certain shareholders were invited to swap their XHAIL AB shares for HYPH Corporation shares.  However, defendants did not allow plaintiffs to participate in the "share migration."  The upshot is HYPH Corporation, not plaintiffs (MDMK, Ltd. in particular) became the largest shareholder of XHAIL AB shares.  Renard, along with Thorsell, Dessauer, and Carlsson, another board member, purportedly used HYPH Corporation to dissociate Kiely and/or MDMK, Ltd. from any interest in or ownership of XHAIL AB.  In his declaration, Carlsson stated he is a citizen of Sweden and a resident of that country since September 2020.

4

## II.    Relevant Proceedings Prior to Forum Non Conveniens Hearing

On December 6, 2022, plaintiffs commenced this action by filing a complaint, which contained a demand for jury trial.  They then filed a first amended complaint to which defendants responded on February 17, 2023, with motions to quash service of summons for lack of personal jurisdiction and to stay or dismiss the action on forum non conveniens grounds with supporting declarations.  The motions were to be heard on August 15, 2023.

On March 7, 2023, plaintiffs served defendants with requests for production of documents.

On March 30, 2023, plaintiffs Kiely and MDMK, Ltd. filed their operative second amended complaint.  It asserts causes of action for breach of fiduciary duty, fraud, false statements in the purchase of securities in violation of Corporations Code section 25401, and declaratory relief.  Named individual defendants are Renard, Thorsell, Dessauer, and Carlsson.  Named entity defendants are HYPH Corporation, a Delaware corporation with its principal place of business in New York; HYPH (USA), a Delaware corporation with its principal place of business in Massachusetts; and XHAIL, Inc. (or Xhail CA), a California Corporation with its principal place of business in California.[2]  There was no demand for a jury trial.

On April 28, 2023, defendants responded to the second amended complaint by filing amended motions to quash, to stay or dismiss with supporting declarations, and a demurrer and motion to strike punitive damages.

On June 8, 2023, defendants served amended responses to plaintiffs' discovery request.

---

[2] According to the operative complaint, XHAIL AB owns all outstanding shares of HYPH (USA) and, through a subsidiary, it owns all outstanding shares of XHAIL, Inc.  In his declaration, Renard states he is CEO of HYPH (USA), HYPH Corporation, and XHAIL, Inc.  The CEO of XHAIL AB is not named.

On June 15, 2023, plaintiffs moved to continue the August 15, 2023 hearing on defendants' motions. They intended to file a motion to compel further responses to their request for production of documents.

On June 26, 2023, defendants filed a motion to stay further discovery.

On July 20, 2023, the trial court continued the hearing on defendants' motion to stay or dismiss until January 2024. The court ordered "new discovery" temporarily stayed pending the resolution of plaintiffs' forthcoming motion to compel discovery. Pursuant to the order, "The parties may continue to meet and confer and supplement their discovery responses for the already-propounded discovery only."

On August 22, 2023, plaintiffs moved to compel further responses to their request for production of documents. For the motion hearing, the parties submitted a joint statement in which plaintiffs stated the disputed discovery "is likely to lead to production of evidence of facts establishing [personal] jurisdiction."

On September 14, 2023, the trial court heard plaintiffs' motion to compel discovery. The court acknowledged its tentative ruling had been to partially grant and deny the motion and continue the hearing on defendants' motions. However, the court changed its mind. The court explained upon closer scrutiny, the court found that plaintiffs' discovery requests were seeking information relating to personal jurisdiction rather than to separate forum issues. The court added if defendants' forum non conveniens motion were granted, any discovery would be rendered moot regardless of personal jurisdiction issues.

The trial court advanced and reset the January 18, 2024 hearing date on the motion to stay or dismiss to November 21, 2023.

## III. Forum Non Conveniens Hearing and Trial Court's Ruling

Following a continuance, the trial court heard defendants' forum non conveniens motion on December 19, 2023. They argued Swedish courts have jurisdiction over Renard, Thorsell, and Carlsson as Swedish citizens. All defendants had agreed to submit to the jurisdiction of the Swedish courts and to waive any statutes of limitations defenses to plaintiffs' causes of action. Moreover,

defendants urged, Swedish law provides sufficient legal equivalents of plaintiffs' claims and remedies.

Defendants also argued the evidence relating to plaintiffs' causes of action is most accessible in Sweden. The purchase of XHAIL AB shares was negotiated when Renard and Thorsell were in Massachusetts and Sweden, respectively. The March 2022 share migration was planned and negotiated by HYPH Corporation's counsel in Sweden, governed by Swedish law and communicated by shareholders largely located in Sweden. Third party witnesses in Sweden cannot be compelled to testify in depositions, appear in court, or produce documents in California. Defendants reasoned even if these witnesses would be willing to participate in California litigation, their attendance would involve considerable time and expense. Further, defendants listed the pertinent documents and asserted translating them from Swedish to English is costly.

Defendants argued unlike California, Sweden has a strong public interest in adjudicating cases brought against its own citizens and in applying its own laws to those cases. Defendants contended the cost to California taxpayers of litigating a case in which the forum has no interest is unwarranted. Moreover, the litigation would burden already congested superior court calendars. Defendants maintained, based on Renard's declaration, the sole California defendant, XHAIL, Inc., has been "essentially dormant since May 2021." Moreover, XHAIL, Inc. is not named in the operative complaint as connected to any allegations of wrongdoing.

Plaintiffs conceded Sweden is a suitable alternative forum. However, in opposition to the motion, plaintiffs argued they are entitled to some deference in their choice of a California forum. The location of parties, third party witnesses, and documents do not favor one forum over the other. Parties and witnesses are spread throughout the United States and the world. Only two defendants—Thorsell and Carlsson—reside in Sweden. As for any necessary documents, plaintiffs noted they are readily available anywhere electronically. Plaintiffs maintained because the parties have already engaged counsel

7

and commenced litigation and discovery in California, starting anew in Sweden would prove more expensive than remaining in this forum. Plaintiffs also argued by proceeding in a Swedish forum, plaintiffs would lose the right to a jury trial, and be deprived of the discovery process, attorney fees, and the right to an automatic appeal. And, they would be subjected to a language barrier.

Plaintiffs additionally claimed defendants failed to demonstrate "a viable basis to conclude" any burdens placed on California courts by this litigation would be any greater than those placed on Swedish courts. Indeed, having the parties start over in a Swedish court imposes a disproportionate burden on that forum. Further, plaintiffs asserted, California has an interest in regulating the conduct of companies that do business within its borders.

In its December 19, 2023 written order, the trial court concluded Sweden is a suitable alternative forum. The court then turned to the private interest factors and found they supported granting the motion. The court agreed with defendants that "substantially all" the third-party witnesses who have relevant information "are located in Sweden because the share purchase transaction [between Kiely and the "anonymous" buyer] was negotiated partially in Sweden and the March 2022 share exchange ["share migration] was entirely negotiated and planned by counsel in Sweden." The court acknowledged plaintiffs correctly asserted only two defendants were Swedish residents. However, the court observed, plaintiffs failed to address the availability of non-resident third party witnesses for trial and California's authority to compel their attendance. The court found many pertinent documents are written in Swedish and would require an English translation if offered into evidence in a California forum. The court concluded the private interest factors weigh in favor of Sweden as the forum.

The trial court also determined the public interest factors weigh in favor of Sweden. California has "almost no connection" to plaintiffs' causes of action. Kiely is an Irish citizen, currently residing in Ireland. MDMK, Inc. is an Irish corporation. XHAIL, Inc. is "the only California

party," and alleged to be "the alter ego" of "non-California corporations." Relying on Renard's declaration as XHAIL, Inc.'s CEO, the court found the company "has several affiliates [among them in Sweden, Ireland, Delaware], and neither [XHAIL, Inc.] nor its affiliates exercise day-to-day control over each other."

By written order on December 19, 2023, the trial court granted the motion, staying the suit until completion of the action in Sweden.

On March 14, 2023, the trial court denied plaintiffs' new trial motion.

Plaintiffs timely appealed from the December 19, 2023 order.

**DISCUSSION**

## I. Preliminary Issues

At the outset, we reject plaintiffs' contention the trial court improperly prevented them from conducting limited discovery to oppose the forum non conveniens motion. A trial court is not required to allow any discovery prior to ruling on the motion. Indeed, this court was aware that permitting extensive discovery and discovery litigation in California, would defeat the purpose of the motion to stay or dismiss the action.

In any event, plaintiffs had months to seek relevant discovery. After defendants responded to the first amended complaint with a forum non conveniens motion on February 17, 2023, plaintiffs propounded no discovery related to forum issues prior to the July 20, 2023 court-ordered stay of new discovery.[3] The sole discovery plaintiffs

---

[3] We disagree with defendants' position the trial court "lifted the temporary stay of discovery with respect to requests related to forum non conveniens" during the September 14, 2023 hearing on plaintiffs' motion to compel. Instead, the court merely told defense counsel it would be advisable to supplement defendants' earlier declarations as requested by plaintiffs' counsel, if such additional information were relevant. Nothing in the record suggests there was any communication between the parties' respective counsel in response to the court's comments.

9

sought was on March 3, 2023, and pertained to personal jurisdiction issues.

Equally unavailing is plaintiffs' assertion that granting the forum non conveniens motion "adversely affects" their jury trial right. The problem for plaintiffs is to the extent they may have had a jury trial right in this action, they waived it. To be sure, the California Constitution provides all civil litigants have the right to a jury trial. (Cal. Const., art. I, § 16; *TriCoast Builders, Inc. v. Fonnegra* (2024) 15 Cal.5th 766, 773.)

However, litigants may waive that right in several ways, including failing to pay jury fees "on or before the date scheduled for the initial case management conference in the action." (Code Civ. Proc., § 631, subds. (c), (f)(5).) Litigants may seek relief from waiver, which the trial court has discretion to grant. (Code Civ. Proc., § 631, subd. (g); *TriCoast Builders, supra,* at p. 779.)

The case register for this action shows the date scheduled for the initial case management conference was April 5, 2023. During the December 19, 2023 hearing on the forum non conveniens motion, the trial court found plaintiffs had "not paid any jury fees." Although the court did not expressly state plaintiffs' failure to pay fees resulted in jury trial waiver, the inference is clear. The finding was among the court's reasons for determining plaintiffs were not entitled to a jury trial. Plaintiffs did not seek relief from jury waiver in the trial court.

## II. Legal Principles

When a motion is brought to stay or dismiss a case based on forum non conveniens, courts follow the procedure set forth in *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744 (*Stangvik*). "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Id.* at p. 751; see Code Civ. Proc., § 410.30, subd. (a).) Defendants, as the moving parties, bear the burden of proof on a forum non conveniens motion. (*Stangvik*, at p. 751.)

## A.     Suitability of Forum: De Novo Review

The threshold determination whether an alternative forum is suitable is nondiscretionary, subject to de novo review on appeal. (*Stangvik, supra*, 54 Cal.3d at p. 752, fn. 3; *Fox Factory, Inc. v. Superior Court* (2017) 11 Cal.App.5th 197, 204.)  "A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits.  [Citation.]  '[A] forum is suitable where an action "can be brought," although not necessarily won.' " (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036–1037.)

## B.     Balancing of Interests: Review for Abuse of Discretion

If the trial court concludes a suitable alternative forum exists, the trial court then must exercise its discretion in balancing the respective forum-related interests.  (*Stangvik, supra,* 54 Cal.3d 744, 751; *Fox Factory, Inc. v. Superior Court, supra,* 11 Cal.App.5th at p. 204.)  "The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses.  The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik,* at p. 751.)

Under the abuse of discretion standard, the trial court's factual determinations are reviewed for substantial evidence.  (*Stangvik, supra*, 54 Cal.3d at p. 754.)  A reviewing court does not undertake a discretionary reweighing of the factors relating to forum selection, and does not substitute its judgment for that of the trial court in discretionary matters.  (*Stangvik,* at p. 755, fn. 7.)

## III.   Sweden Is a Suitable Alternative Forum

Plaintiffs concede the suitability of Sweden as an alternative forum.  We thus presume the trial court's threshold determination is

11

correct. (See *Allen v. Liberman* (2014) 227 Cal.App.4th 46, 53.) We turn to the second step of the *Stangvik* analysis, balancing the private and public interest factors.

## IV. Trial Court Did Not Abuse Its Discretion in Balancing the Private and Public Interests.

In arguing the trial court abused its discretion in balancing the private and public interest factors, plaintiffs rely primarily on an overarching theme: The court failed to consider all relevant factors, particularly those that favored plaintiffs.

The trial court's ruling in this case expressly acknowledged *Stangvik* requires a balancing of private and public interest factors. The court then balanced the private interest factors of the parties' respective "residences," and location and availability of witnesses and documents ("other evidence"), and the public interest factors of California's and Sweden's competing interests in the litigation.

To the extent plaintiffs maintain the trial court was obligated to make express findings on *every* private and public interest factor suggested by *Stangvik*, the law is to the contrary. No structured analysis or express ruling is required for a proper exercise of the court's discretion on a forum non conveniens motion. (*Campbell v. Parker-Hannifin Corp.* (1999) 69 Cal.App.4th 1534, 1542.) The California Supreme Court has explained that "[t]he trial court retains a flexible power to consider and weigh all factors relevant to determining which forum is the more convenient." (*Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 860.) The "private and public interest factors must be applied flexibly, without giving undue emphasis to any one element," and no court should decide there are circumstances in which the doctrine will always apply or never apply. (*Stangvik, supra*, 54 Cal.3d at p. 753.) In other words, the court has the discretion to focus on those factors it deems relevant in deciding whether a forum non conveniens motion should be granted or denied.

Plaintiffs' insistence the trial court and defendants erred by ignoring *Great Northern Ry. Co. v. Superior Court* (1970) 12 Cal.App.3d 105 is misplaced. *Great Northern* proposed 25 factors to guide trial

12

courts in evaluating whether to override a plaintiff's choice of forum. We decline to labor that list here. Many *Great Northern* factors overlap, do not bear equal weight, and are not applicable here. The Supreme Court has not held the factors to be a mandatory checklist; modern courts apply the *Stangvik* two-step analysis instead.

Additionally, plaintiffs claim the trial court abused its discretion by improperly crediting defendants' unsupported assertions of fact. It is the trial court, as trier of fact, who must weigh and interpret the evidence and draw reasonable inferences therefrom. (*Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 698.) We presume the court found every fact and drew every reasonable inference necessary to support its determination. We cannot reweigh the evidence or draw contrary inferences. Neither can we reject evidence accepted by the trial court as true unless it is physically impossible or its falsity is obvious without resort to inference or deduction. (*Id.* at p. 699.) Defendants' evidence does not fall into this category. We thus decline what is, in effect, an invitation by plaintiffs to reweigh the evidence.

As we set out more fully below, those factors on which the trial court relied to determine Sweden is the proper forum were supported by substantial evidence and reasonable under the circumstances.

## A. Private Interest Factors

### 1. Plaintiffs' residence

Plaintiffs claim the trial court abused its discretion by failing to give them "some deference" as to their choice of forum. As an Irish entity, MDMK, Ltd. is entitled to no deference. "[T]he fact [it] chose to file [its] complaint in California is not a substantial factor in favor of retaining jurisdiction here." (*Stangvik, supra*, 54 Cal.3d at p. 755, fn. 7; accord, *Fox Factory, Inc. v. Superior Court, supra*, 11 Cal.App.5th at p. 205 ["the forum choice of a *foreign* plaintiff is not entitled to a presumption of convenience"].)

As for Kiely, plaintiffs maintain the trial court acknowledged his California residence, but then completely discounted it because he currently resides in Ireland. Not so. The court did not overlook Kiely's residence in California as a private interest factor. Instead, in

exercising its discretion, the court decided that factor was outweighed by other factors—namely, location of witnesses and other evidence—that militated against California as the most convenient forum. As discussed, this was a proper exercise of the court's discretion.

### 2. Witnesses and other evidence

Plaintiffs next argue the trial court abused its discretion in finding the location of witnesses and other evidence favored Sweden. Plaintiffs reason the court should not have given any weight to defendants' arguments concerning the unavailability of foreign witnesses in a California action because defendants did not identify specific witnesses. Further, plaintiffs claim, defendants failed to explain the witnesses' relevance to the lawsuit, their unwillingness to attend trial, or their willingness to testify remotely.

In *Stangvik*, the California Supreme Court "did not require an extensive evidentiary showing." (*Campbell v. Parker-Hannifin Corp., supra,* 69 Cal.App.4th at p. 1542; see also *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1462 ["Plaintiffs present no authority for a requirement of particularized affidavits in forum non conveniens cases. We have found none."].) Plaintiffs do not cite any California decisions requiring the unavailability of potential third party witnesses to be established by affidavit.

Plaintiffs also argue because the evidence shows witnesses and parties in this case are located "throughout the United States and the world," "California is the only forum that ties all of parties together." Yet, plaintiffs do not indicate all these relevant third party witnesses are within their control. Nor do they state how those witnesses would be secured for litigation in California if they were unwilling to cooperate.

As for documentary (or other) evidence, defendants itemized those documents that are readily accessible in Sweden, not in California. Written in Swedish, the documents would need to be translated into English at significant expense. Plaintiffs do not claim pertinent documents are in California. Instead, they argue the documents are readily accessible anywhere electronically. To be sure,

14

with the advent of technologies such as scanning, e-mail, and other file and content sharing software, evidence can exist virtually. When documents exist on-line, the geographical location of the forum court is less relevant because parties only need Internet connection to access the information. However, plaintiffs introduced no evidence as to how such technology would be accepted and operate in California as opposed to Sweden.

## B.    Public Interest Factors

The trial court held California had no public interest in litigating this case because the state "has almost no connection to the [p]laintiffs' claims." The court concluded it was being asked " 'to adjudicate disputes between non-California claimants against out-of-state defendants over causes of action . . . about which California has no interest whatsoever.' " (Quoting *Baltimore Football Club, Inc. v. Superior Court* (1985) 171 Cal.App.3d 352, 364.) This conclusion was reasonable and supported by substantial evidence.

We recognize California has a public interest in ensuring its residents can enforce securities laws. However, California's interest is outweighed by Sweden's public interest in adjudicating claims involving its own individual and corporate citizens and in having its own courts apply its own laws to those suits. (See *Chong v. Superior Court, supra*, 58 Cal.App.4th at p. 1039.) Although California may have a generalized interest in protecting its residents from securities laws violations, the Swedish government has a significant local interest. "[T]he jurisdiction with the greater interest should bear the burden of entertaining the litigation." (*Stangvik, supra,* 54 Cal.3d at p. 757.) Additionally, MDMK, Ltd. is an Irish corporation. Kiely is an Irish citizen and former California resident now living in Ireland. It is unclear whether he was a long-standing resident before returning to Ireland, his country of citizenship. The only defendant with ties to California is XHAIL, Inc., an entity that is currently dormant and uninvolved in the parties' dispute.

Accordingly, based on an analysis of the various private and public factors discussed above, it is apparent the trial court did not

abuse its broad discretion in granting the forum non conveniens motion.

## V. The Impact of *EpicentRx* on Plaintiffs' Jury Trial Right

Having decided plaintiffs waived their jury trial right (see *EpicentRx, supra,* ___ Cal.5th ___ [p. 22]) and the action was properly stayed under forum nonconveniens, we nonetheless address plaintiffs' challenge to the forum selection clause in this case. The clause at issue is contained in the October 2021 "share purchase agreement," in which Kiely agreed to sell some of his XHAIL AB shares. The clause states in pertinent part: "Any dispute shall be resolved by a Swedish court of law in accordance with Swedish law." The trial court determined the clause "must be enforced" because there was no showing its application "would be unfair or unreasonable."

Plaintiffs contend enforcement of this forum selection clause "would result in a jury waiver because it is undisputed that Sweden does not allow jury trials in civil cases."

In *EpicentRx,* the California Supreme Court held lower courts were wrong in declining to enforce a forum selection clause on public policy grounds based exclusively on the clause's impact on a plaintiff's jury trial right. (*EpicentRx, supra,* ___ Cal.5th ___ [pp. 1, 29].) That public policy—" 'protection of the right to jury trial for litigants in California courts unless they waive the right in a manner prescribed by the Legislature'—'is central to California's system for resolving civil cases, for all litigants.' " (*Id.* at [p. 22].) However, the policy is satisfied for those plaintiffs, including California residents, who have "freely and voluntarily negotiated away" their rights to a California forum. (*Id.* at [pp. 12–13].) The reason is the competing policy of freedom of contract, which has fostered "the modern trend which favors enforceability of such forum selection clauses." (*Id.* at [p. 13].) " 'In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.' " (*EpicentRx,* at [pp. 17–18], quoting *Atlantic Marine Constr. Co. v. United States Dist. Court for Western Dist. of Tex.* (2013) 571 U.S. 49, 66.)

16

To be sure, as the *EpicentRx* court admonished, trial courts "should refuse to enforce a forum selection clause if its enforcement would be contrary to a strong or fundamental public policy of this state." (*EpicentRx, supra,* ___ Cal.5th ___ at [p. 15].) However, the public policy favoring the right to jury trial alone is not one of them. "Even where enforcement of a forum selection clause may effectively deprive a plaintiff of the right to trial by jury, this circumstance alone does not provide a basis to avoid its enforcement." (*Id.* at [p. 20].) In other words, "[w]hen litigation proceeds in another forum, 'the jury trial right the parties enjoy in our courts would not travel with them.' " (*Id.* at [p. 21].) "Instead, '[t]he basic rule is well settled that matters of procedure are governed by the law of the forum,' including the right to trial by jury." (*Ibid.*)

With respect to the forum selection clause at issue here, plaintiffs do not contend and the record does not show they did not freely and voluntarily agree to the clause in the share purchase agreement.[4] Additionally, plaintiffs, like the *EpicentRx* plaintiffs, are not contending "any statute or constitutional provision expressly prohibits enforcement of the forum selection clause at issue here." (*EpicentRx, supra,* ___ Cal.5th at [p. 20].) Instead, without characterizing it as a public policy, plaintiffs argue their fundamental right to a jury trial would be denied if forced by the forum selection clause to litigate in Sweden, which does not afford litigants a jury trial. To the extent plaintiffs maintain that circumstance alone justifies avoidance of the clause, as discussed, the *EpicentRx* court held the argument is unavailing. Further, the court rejected the notion, urged by plaintiffs, that a forum selection clause serves as a "predispute jury trial waiver." "A forum selection clause is not equivalent to a predispute jury trial waiver. The former reflects *where* a dispute will be litigated, while the latter reflects *how* it will be litigated. . . . Although the practical effect of the forum selection clause may be that plaintiff's claims are not heard by a jury, California public

---

[4] Because we are rendering our decision on the alternative independent grounds of forum non conveniens, we do not address the question of applying Corporations Code section 25701 to this case.

17

policy does not require invalidation of the forum selection clause in all circumstances for that reason alone." (*EpicentRx*, at [pp. 21–22], fn. omitted.)

## DISPOSITION

The order of December 19, 2023, staying the action after granting defendants' forum non conveniens motion is affirmed. Defendants shall recover their costs on appeal.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

We concur:


CHAVEZ, J.


RICHARDSON, J.